**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **32NS, LLC,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civ. Action No. 1:26-cv-00076-KD-C** |
| | ) | |
| **CONTINENTAL AEROSPACE** | ) | |
| **TECHNOLOGIES, INC.** | ) | |
| **Defendant.** | ) | |

# ORDER

This matter is before the Court on Plaintiff 32NS's motion for leave to file a second amended complaint (Doc. 39) and Defendant Continental Aerospace's response in opposition (Doc. 52); 32NS's motion to strike Continental's answer to amended complaint (Doc. 54) and Continental's response in opposition (Doc. 58). Upon consideration and for the reasons set forth herein, the motion for leave to file a second amended complaint (Doc. 39) and the motion to strike Continental's answer (Doc. 54) are **DENIED.**

32NS commenced this action against Continental in November 2024 by filing a complaint in the Suffolk County Superior Court in Boston, Massachusetts. (Doc. 1-1 at 4). The original state complaint asserted contract and warranty claims, along with one negligence claim. (Id. at 8–11).

In late February 2025, Continental removed the case to the United States District Court for the District of Massachusetts. (Doc. 1 at 1). 32NS timely filed an amended complaint asserting contract and warranty claims. (Doc. 13).

Continental moved to dismiss for lack of personal jurisdiction. (Doc. 17). While that motion was pending, the Massachusetts district judge entered a scheduling order which required amended pleadings to be filed by November 1, 2025. (Doc. 24 at 1). A year after Continental's motion to dismiss was originally filed, the court denied it but granted Continental's request to

transfer the action to this Court. (Doc. 35). Less than two months after the transfer, 32NS filed a motion for leave to amend their complaint. (Doc. 39). Continental filed an Answer (Doc. 51) and responded in opposition to 32NS's leave for amendment (Doc. 52). 32NS moved to strike Continental's Answer (Doc. 54) and Continental responded (Doc. 58). These motions (Docs. 39, 54) are now ripe for consideration.

**I. Motion for Leave to File a Second Amended Complaint**

32NS seeks to amend their complaint to add four new claims: Negligence, wantonness, a claim under the Alabama Extended Manufacturer's Liability Doctrine (AEMLD), and fraudulent suppression/concealment. (Doc. 39-1). In opposition, Continental argues that 32NS has failed to make the required showing of "good cause" under Federal Rule of Civil Procedure 16, and that even if they had, the Court should not grant leave to amend under Federal Rule of Civil Procedure 15. (See Doc. 52 at 6–18).

The Eleventh Circuit requires a party seeking untimely leave to amend their complaint show good cause for amendment. See Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1419 (11th Cir. 1998). To show good cause for an untimely amendment, a plaintiff must demonstrate diligence. See e.g., Oravec v. Sunny Isles Luxury Ventures, L.C., 527 F.3d 1218, 1232 (11th Cir. 2008) (Rule 16's "good cause" standard precludes modifying the scheduling order unless the schedule cannot be met despite the diligence of the party seeking the extension); Auto-Owners Ins. Co. v. Ace Elec. Serv., Inc., 648 F. Supp. 2d 1371, 1375 (M.D. Fla. 2009) (the key to establishing good cause is to demonstrate diligence). A plaintiff fails to act diligently "when, prior to the scheduling order deadline, he . . . had full knowledge of the information with which he later sought to amend his complaint." Donley v. City of Morrow, Ga., 601 Fed. App'x 805, 811 (11th Cir. 2015).

After a party has shown good cause for amendment, leave to amend should be "freely given . . . when justice so requires." Fed. R. Civ. P. 15. The Eleventh Circuit requires the movant to establish good cause under Rule 16 before a court considers Rule 15's more liberal amendment standard. See Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1419 (11th Cir. 1998).

32NS's leave to amend comes well after the amendment deadline, so the Court's analysis must begin with a "good cause" determination under Rule 16. See id. To demonstrate good cause, 32NS must demonstrate diligence. See Oravec, 527 F.3d at 1232. 32NS cannot demonstrate diligence because they have failed to introduce any new information on which to base their amended complaint. See S. Grouts & Mortars, Inc. v. 3M Co., 575 F.3d 1235, n.3 (11th Cir. 2009) (finding that a plaintiff "who has full knowledge of the information with which it seeks to amend its complaint before the [amendment] deadline passes" demonstrates "the lack of diligence that precludes a finding of good cause.").

32NS has not pointed to any discovery of new information that could serve as the basis for an untimely amendment. Instead 32NS claims that this amendment seeks only "to clarify its causes of actions and claims . . . and to update its claims to address the new choice of law rules." (Doc. 39 at 5). That is not sufficient to show good cause under Rule 16. While it was impossible for 32NS to know to plead a claim under the AEMLD while the case was pending in Massachusetts, 32NS has still failed to show why they could not have amended to allege general products liability, negligence, wantonness, and fraud while the case was pending in Massachusetts and before the deadline passed. And as the Eleventh Circuit has repeatedly found, information known prior to the amendment deadline cannot constitute good cause for an untimely amendment. See Sosa, 133 F.3d at 1419; S. Grouts, 575 F.3d at n.3; Donley, 601 Fed. App'x at 811.

## II. Motion to Strike Answer to Amended Complaint

32NS also moves the Court to strike Continental's Answer (Doc. 51) under Federal Rule of Civil Procedure 12(f) on the grounds that it was not timely filed. (Doc. 51 at 3–4). Continental's response asserts that the Answer was timely filed and that it presents no prejudice to 32NS. (Doc. 58 at 6–7).

32NS is correct that Continental's answer was due 14 days after the Massachusetts's district court's ruling on Continental's motion to dismiss and request to transfer. (Doc. 54 at 3); see Fed. R. Civ. P. 12(a)(4); Cheshire v. Bank of Am, NA, 351 Fed. App'x 386, 386 (11th Cir. 2009) ("The filing of a motion to dismiss alters the time in which an answer is due until after the district court denies the motion or postpones its disposition."). The district court denied Continental's motion to dismiss on March 2, 2026 (Doc. 35) and Continental filed their answer on May 22, 2026 (Doc. 51). Accordingly, Continental filed their answer without seeking leave and clearly in an untimely manner.

Despite the untimeliness, 32NS has failed to demonstrate that it will be prejudiced by Continental's belated assertion of factual denials and affirmative defenses. The Court is inclined to give 32NS's claims a complete assessment on the merits, and subject to all defenses, so long as Continental has not engaged in any "intentional delay . . . to gain tactical advantage." See Greene v. Am. Cast Iron Pipe Co., 871 F. Supp. 1427, 1431 (N.D. Ala. Dec. 1994). 32NS has every opportunity to fully respond to the affirmative defenses, as discovery is still in the early stages. (See Doc. 60) (stating discovery cutoff is March 1, 2027, over 4 months away from the filing of this Order).

Additionally, asking a court to strike a pleading under Rule 12(f) is disfavored. See 5C Wright & Miller's Federal Practice & Procedure § 1380 (3d ed. May 2025 update) (explaining that

"motions under Rule 12(f) are viewed with disfavor by the federal courts and are infrequently granted"; the moving party must show "that the allegations being challenged are so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party.") (footnotes omitted). Rule 12(f) is used when a pleading contains "redundant, immaterial, impertinent, or scandalous matter," which 32NS has not alleged here. Fed. R. Civ. P. 12(f). And even if Continental's Answer fell into one of those categories, "a Rule 12(f) motion should be granted only when the pleading to be stricken has no possible relation to the controversy because Rule 12(f) is a drastic remedy to be resorted to only when required for the purposes of justice." United States ex rel Sedona Partners LLC v. Able Moving & Storage Inc., 146 F.4th 1032, 1044–45 (11th Cir. 2025). That is not the case here. Accordingly, the motion to strike the answer (Doc. 54) is due to be denied.

## III. Conclusion

For the reasons set forth herein, the Court concludes that 32NS's motion for leave to file a second amended complaint (Doc. 39) is **DENIED.** Additionally, 32NS's motion to strike Continental's Answer (Doc. 54) is **DENIED.** The response in opposition (Doc. 58) will be deemed a motion for leave to file an untimely answer, and the Answer filed May 22, 2026 (Doc. 51) is deemed filed.

**DONE** and **ORDERED** this 21st day of October 2026.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**